

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00023-CV

_____

LONNIE KADE WELSH, APPELLANT

V.

MICHAEL SEARCY, ET AL., APPELLEES

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20525-21, Honorable John A. Didway, Presiding

May 25, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Is Lonnie Kade Welsh a vexatious litigant? The trial court found him such and entered two orders to that effect. Through the first, labelled "Order Declaring Plaintiff Vexatious," it made the requisite finding of vexatiousness and required him to post $2,500 as security to proceed with his lawsuit against Marsha McLane, Chris Greenwalt, and over twenty other defendants. Through the second, labelled "Pre-Filing Order," the trial court barred him "from filing, in forma pauperis, any new litigation in a court of this State without first obtaining permission from a local administrative judge." Welsh appealed both. We dismiss in part and affirm in part.

The complaints underlying his lawsuit against numerous parties arose during Welsh's commitment as a sexually violent predator. They involve, among other things, purported instances of confiscating personalty, denying his request for particular books, physically restraining him, punishing him excessively, assaulting him, abusing process, negligently injuring him via tangible personal property, falsely imprisoning him, denying him his constitutional right to "professional judgment," denying him both procedural and substantive due process, creating a private nuisance, libeling him, and intentionally inflicting upon him emotional distress. Two of the accused, McLane and Greenwalt, sought the foregoing vexatious litigant and prefiling orders under Chapter 11 of the Texas Civil Practice and Remedies Code. The trial court convened a hearing on the request, received evidence from the movants, entertained argument, and ultimately entered the orders from which Welsh appealed. The record before us does not indicate that the trial court dismissed or otherwise finally disposed of the underlying suit.

### *Jurisdiction*

We initially address the issue of jurisdiction. We have none over the order finding Welsh to be a vexatious litigant and obligating him to post security to continue with his suit. Simply put, such a decision is not reviewable through an interlocutory appeal. *Lagaite v. Boland*, No. 07-12-00422-CV, 2012 Tex. App. LEXIS 10382, at *1–2 (Tex. App.—Amarillo Dec. 13, 2012, no pet.) (mem. op.); *accord Kennedy v. Jones*, No. 06-19-00068-CV, 2020 Tex. App. LEXIS 37, at *2 (Tex. App.—Texarkana Jan. 7, 2020, no pet.) (mem. op.) (stating same); *Florence v. Rollings*, No. 02-17-00313-CV, 2018 Tex. App. LEXIS 7140, at *6 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op.) (stating same). McLane/Greenwalt asserted as much in their joint appellate brief, and Welsh

failed to respond otherwise. Thus, we dismiss this aspect of the appeal for want of jurisdiction.

Regarding the "pre-filing order," statute provides that a "litigant may appeal from a prefiling order entered under . . . [§ 11.101(a)] designating the person a vexatious litigant."[1] TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c). The manner of appeal includes those interlocutory in nature. *Kennedy,* 2020 Tex. App. LEXIS 37, at *3; *Florence*, 2018 Tex. App. LEXIS 7140, at *7. Given this, we can and do entertain the trial court's "Pre-Filing Order."

### *Merits*

Statute authorizes a defendant, "in a litigation in this state," to move for an order "determining that the plaintiff is a vexatious litigant." TEX. CIV. PRAC. & REM. CODE ANN. § 11.051(1), (2). At least two criteria must be satisfied for a litigant to be found vexatious. One obligates the defendant to "show[] that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." *Id.* § 11.054. The other requires him to "show" that, "in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051," the plaintiff "commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been . . . finally determined adversely to the plaintiff; [or] . . . permitted to remain pending at least two years without having been brought to trial or hearing; or . . . determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure." *Id.* § 11.054(1)(A)–(C). The legislature

---

[1] Section 11.101(a) of the Civil Practice and Remedies Code allows a court to "enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies . . . without permission of the appropriate local administrative judge . . . if [it] finds, after notice and hearing . . . that the person is a vexatious litigant." TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a).

defined "litigation" as "a civil action, commenced, maintained, or pending in any state or federal court." *Id.* § 11.001(2). And, we emphasize that the burden lies with the defendant to satisfy both prongs. *Jackson v. Ellis*, No. 07-13-00184-CV, 2015 Tex. App. LEXIS 5731, at *6 (Tex. App.—Amarillo June 4, 2015, no pet.) (mem. op.). Finally, our review of a trial court's determination of vexatiousness is under the standard of abused discretion. *Comeaux v. Hamilton*, No. 07-13-00170-CV, 2014 Tex. App. LEXIS 2976, at *2 (Tex. App.—Amarillo Mar. 17, 2014, no pet.) (mem. op.).

Welsh does not contest that McLane/Greenwalt satisfied the second prong of the two-part test. Instead, he challenges the determination regarding the improbability of his success. His handwritten fifty-seven-page appellant's brief addresses a number of topics. He left several unaddressed, though. They concern several grounds upon which McLane/Greenwalt based their allegation that Welsh's litigation had little likelihood of success. Those grounds were immunity under § 841.147(1) of the Texas Health and Safety Code, official immunity, and immunity from suit under the Eleventh Amendment of the United States Constitution.[2] Moreover, the trial court's order mentioned no particular ground upon which the court relied in sustaining the motion of McLane/Greenwalt. Thus, Welsh had the obligation to address each and explain why none were viable. *See Retzlaff v. GoAmerica Commc'ns Corp.,* 356 S.W.3d 689, 698–99 (Tex. App.—El Paso 2011, no pet.) (involving a vexatious-litigant finding and stating that the "appellant must attack all independent grounds that support an adverse ruling"); *accord Thoele v. Tex. Bd. of Pardons & Paroles,* No. 03-19-00826-CV, 2021 Tex. App. LEXIS 3518, at *4–5 (Tex. App.—Austin May 6, 2021, no pet.) (mem. op.) (concluding that "[b]ecause Thoele has

---

[2] We distinguish these from sovereign and qualified immunity, which were independently urged by McLane/Greenwalt below and discussed by Welsh in some fashion on appeal.

4

failed to attack each of the independent grounds supporting the trial court's vexatious-litigant declaration, we must uphold the trial court's ruling").  Welsh having failed in that regard, we must uphold the trial court's ruling.

In sum, the appeal of the "Order Declaring Plaintiff Vexatious" is dismissed for want of jurisdiction.   However, we affirm the trial court's "Pre-filing Order."

Per Curiam